## Case No. 15,288.

UNITED STATES v. HAMILTON et al.

[1 Cin. Law Bul. 27; 8 Chi. Leg. News, 211; 22 Int. Rev. Rec. 106.] [1]

Circuit Court, S. D. Ohio. Feb. Term. 1876.

CONSPIRACY—WHAT NECESSARY TO CONSTITUTE—CIRCUMSTANTIAL EVIDENCE.

1. To constitute a conspiracy under the 5440th section of the Revised Statutes of the United States, there must have been an agreement between the parties, a unity of design and purpose, and some act for the purpose of effecting the object of the conspiracy must have been done by some one of the parties charged.

2. It is not necessary that the evidence should show the time when, or the place where, or the precise terms of the agreement; but its existence may be established by circumstantial evidence.

3. Circumstantial evidence to convict should be as full and satisfactory as direct and positive proof.

4. After the existence of the conspiracy has been established by independent evidence, the acts and declarations of a conspirator done and made pending the conspiracy, and to effect its object and purpose, may be given in evidence against his co-conspirators. But the acts and declarations of one of the conspirators made and done after the termination of such conspiracy are not admissible, except as against the party who does the act or makes the declarations.

5. The rule as to reasonable doubt and character explained.

6. If two only be charged with a conspiracy, and one be acquitted, the other must also be acquitted. But if they be charged with other persons unknown, and the evidence satisfies the jury that one of them conspired with the unknown person, he may be convicted.

The indictment charged the defendants [H. H. Hamilton and Lewis A. Logan] with conspiring together to defraud the United States of its revenues; also with conspiring together to commit an offense against the United States. In three of the counts the defendants were charged with conspiring together and with persons to the grand jury unknown, to commit the offenses charged.

W. M. Bateman, Dist. Atty., C. Richards, and R. Dyer, for the Government.

Butterworth & Vogeler and Young, Moulton & Johnston, for defendants.

SWING, District Judge. After reading the indictment, and calling the attention of the jury to the several charges contained therein, and to the overt acts set out as having been done in furtherance of the conspiracy, the judge proceeded to define the crime—conspiracy—and also to point out the requirements of the 5440 section of the Revised Statutes, under which the indictment was found, which provides that, in pursuance of a conspiracy, there must have been committed by one or both of the accused some overt act, and this overt act must be set out in the indictment and proved as alleged. The court say: "The crime of conspiracy is one seldom established by direct or positive testimony, but from its very nature is usually established by what is known to the law as circumstantial evidence, i. e., by proof of the existence of such facts as authorize the jury to infer the existence of that which constitutes the offense, as that there was a unity of design—a unity of purpose, an agreement, or combination between the accused, to do the thing charged. In this unity of design and purpose, this agreement or combination to do the prohibited acts, consists the crime of conspiracy."

The statute under which this indictment is drawn requires, not only that there should be a conspiracy to commit the offense charged, but that in pursuance of the object of the conspiracy, and to effect the object and purpose thereof, one or more of the defendants shall do some act, and such act shall be distinctly alleged in the indictment and proved as alleged. Therefore the evidence must show: First, the conspiracy, that is, the agreement, the combination, the common design, the common purpose, to do the thing charged, to-wit, to defraud the United States of its revenue, to commit an offense against the United States; and, secondly, if the evidence shows the existence of such conspiracy, it must be shown that one or more of the defendants, in pursuance of such conspiracy, and to effect the object and purpose thereof, did one or more of the overt acts charged in the indictment. If both these propositions are found in the affirmative the defendants are guilty, and such should be the verdict.

It must appear from the evidence that the conspiracy was formed, that it was formed for the purpose charged in the indictment, that at least one of the overt acts charged was done, and that it was done for the purpose, and with the intent to carry into effect the object and end of the conspiracy. If the conspiracy was formed, but not for the purpose charged, the defendants would not be guilty. If the overt acts alleged were done or committed, but not for the purpose and object of carrying into effect the conspiracy, the defendants would not be guilty. There must be the guilty intention to do the thing prohibited and the act done must have been so done to carry that intention into effect. Where these are found, the offense is complete. ·

It is not necessary the evidence should show you the time when, and the place where, it was made, or its precise terms. Neither is it necessary to establish its existence by direct and positive proof; but it must be established by circumstantial evidence; the existence of such a state of facts and circumstances as will convince the jury that it was entered into between the parties; but the evidence to convict should be as full and satisfactory in the one case as in the other. It is enough in either case that the jury is satisfied beyond a reasonable doubt of the guilt of the ac-

[1] [8 Chi. Leg. News. 211, and 22 Int. Rev. Rec. 106, contain only partial reports.]

cused. The agreement must be first established, and then whatever was said and done by either of the defendants while the conspiracy was pending, and in furtherance of its object and design, became the act and declaration of the other, but not so of acts and declarations made and done after the conspiracy was ended. 3 Greenl. Ev. § 94; 1 Whart. Cr. Law, 702, 703; Egner v. State, 25 Ohio St. 464.

In weighing circumstantial evidence, the jury should adopt for their guidance the following well established rules, which the law, in its justice and humanity, prescribes: First, that the circumstances themselves must be fully established; second, that all the circumstances are consistent with the guilt of defendant; third, that the circumstances should be of a conclusive nature and tendency to prove the guilt of the defendant; fourth, it is essential that the circumstances should, to a moral certainty, convince the jury of the guilt of the defendant.

In the words of Greenleaf, where a criminal charge is to be proved by circumstantial evidence, the proof ought to be not only consistent with the guilt of the prisoner, but inconsistent with any other rational conclusion. Extract from Starkie, 865. The legal presumption of innocence remains with the prisoner all through the case, and ceases only when the evidence establishes, in the minds of the jury, beyond a reasonable doubt, the guilt of the prisoner. The reasonable doubt referred to, is such a doubt as arises on an examination of the facts in the case, as presented on the trial, and must be such as the juror would rely upon if acting upon matters of the highest concern to himself. And this rule applies to each one of the facts which in the course of the trial it becomes necessary to prove, to establish the guilt of the accused, and for the reason, that where circumstantial evidence made up a number of facts, each forming a link in the chain, if any one of these facts shall not be satisfactorily proven, the evidence is not sufficient to convict. Under the counts which charge the defendants with conspiring together, if one be acquitted, the other also must be acquitted though he be guilty of doing the act charged. But under those counts which charged them with conspiring with persons to the grand jurors unknown, if the evidence satisfies the jury, beyond a reasonable doubt, that although the defendants may not have conspired together, yet if one of them did, in fact, with some third person, not named in the indictment, and unknown, to commit the offenses charged, and either one of such persons did any one of the overt acts charged, the defendant who so conspired may be found guilty; but the same rules before adverted to govern in applying the evidence to such third person and the conspiracy with him.

Evidence of previous good character is to be weighed as other evidence. The purpose of such evidence is to show that the life and character of the defendants has been such as to render it improbable that they would violate the laws of their country. Where circumstantial evidence is relied on to convict, the facts proven being offered to raise a presumption of guilt, the fact that the defendants have borne themselves as honest men, and men of integrity, may be offered as evidence tending to rebut the presumption of guilt arising upon other facts proven in the case; hence the evidence that a defendant has the reputation of being a man of honesty and integrity, should be weighed by the jury as any other fact proven in the case, and its effect must be determined by the jury. The court in this adopts the rule laid down in the case of Stewart v. State, reported in 22 Ohio St. 477.

NOTE. After remaining out for two days, the jury came into court and inquired, whether, if they believed from the evidence that one of the defendants was not guilty, and as to the other they were unable to agree, they could so return their verdict, upon which Swing, J., charged them, that under the three counts, charging them with conspiring with other persons, if they found from the evidence that one of the defendants had conspired, not with his co-defendant, but with other persons to the government and jury unknown, they might find a verdict of guilty as to him and not guilty as to his co-defendant; that under these three counts an acquittal of one was not an acquittal of both. If they were satisfied from the evidence that one of the defendants was not guilty, they might return a verdict of not guilty as to him; and if, as to the other defendant, they were unable to determine as to the fact of his conspiring with persons unknown, whether he was guilty, they might return as to him that they could not agree upon a verdict. [The jury found a verdict of not guilty as to Hamilton, and guilty as to Logan, in the three counts charging him with conspiring with other persons unknown.][2]